JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANCY CABIBI and PHIL CABIBI,

Plaintiffs,

v.

AVON PRODUCTS, INC., et al.,

Defendants.

Case No.: CV 19-03037-CJC (JCx)

ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR REMAND [Dkt. 13]

## I. INTRODUCTION & BACKGROUND

This action is one of thousands of personal injury lawsuits filed in state courts across the country alleging injury and wrongful death caused by exposure to asbestos from the talc used in Johnson & Johnson's baby powder products. On June 15, 2017, Plaintiffs Nancy Cabibi and Phil Cabibi filed this negligence and strict products liability

action in Los Angeles County Superior Court against Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. (collectively, "Johnson & Johnson"), Johnson & Johnson's sole talc supplier, Imerys Talc America, Inc. (hereinafter "Imerys"), and several other entities. (Dkt. 1 Ex. A [Complaint].)[1] Plaintiffs filed the lawsuit two months after Mrs. Cabibi was diagnosed with malignant mesothelioma, a fatal and debilitating cancer caused by exposure to asbestos. Mrs. Cabibi alleges that her exposure to asbestos through her use of Johnson & Johnson's talc products caused her to develop cancer.

This case has been substantially litigated in Los Angeles County Superior Court for the last two years. It is part of a statewide coordinated effort to manage the multitude of state court proceedings in which plaintiffs have claimed personal injury and wrongful death resulting from exposure to asbestos. Plaintiffs were scheduled to proceed to trial against Johnson & Johnson and Imerys on May 14, 2018, but the trial was continued. (Dkt. 13-2 [Declaration of Stuart J. Purdy] ¶ 4.) Imerys was dismissed from the action on February 13, 2019, leaving Johnson & Johnson as the sole remaining defendant. (*Id.* ¶ 5.) Plaintiffs' trial against Johnson & Johnson was rescheduled for May 6, 2019, with a final status conference set for April 22, 2019. (*Id.* ¶¶ 4, 7.) Both parties evinced a clear intent to proceed with the trial as planned. In the weeks leading up to the final status conference, Johnson & Johnson filed jury instructions, a juror questionnaire, a proposed verdict form, and numerous motions in limine. *See Cabibi, et al. v. Avon Products, Inc.*, Case No. BC 665257 (L.A. Cty. Super. Ct.).

On April 18, 2019, days before the final status conference, Johnson & Johnson removed Plaintiffs' action to this Court on the ground that it is "related to" Imerys's

---

[1] Plaintiffs also named as defendants Avon Products, Inc., Brenntag North America, Inc., Brenntag Specialties, Inc., Colgate-Palmolive Company, Coty, Inc., Cyprus Amax Minerals Company, Davila, Inc., Pfizer Inc., Valeant Pharmaceuticals International, Valeant Pharmaceuticals North America LLC, Whittaker Clark & Daniels, Inc., and Does 1 through 450.

pending bankruptcy proceeding. (Dkt. 1 [Notice of Removal].) On February 13, 2019, Imerys and its affiliates filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. *See In re Imerys Talc America, et al.*, Case No. 19-10289-LSS (Bankr. D. Del.). The same day Johnson & Johnson removed Plaintiffs' action to this Court, it filed a motion in the United States District Court for the District of Delaware to fix venue for claims related to Imerys's bankruptcy. (*See* Dkt. 1-3 Ex. C [Johnson & Johnson's Motion to Fix Venue for Claims Related to Imerys's Bankruptcy].) Through that motion, Johnson & Johnson seeks to consolidate the thousands of state court cases filed against it in the District of Delaware. Although Imerys was dismissed from Plaintiffs' case months ago, Johnson & Johnson argues that their case—and the many state proceedings like it—are related to Imerys's bankruptcy proceeding because Johnson & Johnson's supply agreements with Imerys contain contractual indemnifications and other liability-sharing agreements triggered by personal injury claims.

When Johnson & Johnson removed Plaintiffs' action to this Court, Plaintiffs lost their imminent trial date. With Mrs. Cabibi's health rapidly declining, Plaintiffs filed the instant *ex parte* application to remand the action to state court so they may proceed to trial. (Dkt. 13.) Johnson & Johnson opposes the application. (Dkt. 20.) For the following reasons, Plaintiffs' application is **GRANTED**.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, federal courts are presumed to lack jurisdiction in a particular case "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Where, as here, a defendant removes the action to federal court, the burden of

establishing subject matter jurisdiction falls on the defendant. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Johnson & Johnson asserts that this Court has subject matter jurisdiction over Plaintiffs' state law claims because they are "related to" Imerys's pending bankruptcy proceeding in Delaware.

Bankruptcy jurisdiction is governed by 28 U.S.C. § 1334, which vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A party may remove any claim in a civil action to the district court in which the civil action is pending, if the district court has jurisdiction over the claim pursuant to Section 1334(b). *Id*. § 1452(a). Once a claim is removed pursuant to Section 1452(a), the district court to which the claim is removed may remand the claim "on any equitable ground." *Id*. § 1452(b). This is true even if the claim falls within the district court's subject matter jurisdiction under Section 1334(b). *See, e.g.*, *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 666–67 (Bankr. C.D. Cal. 2001). An order remanding an action pursuant to Section 1452(b) "is not reviewable by appeal or otherwise" by the court of appeals or Supreme Court. 28 U.S.C. § 1452(b).

Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority." *McCarthy v. Prince*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). In determining whether equitable grounds exist to remand an action removed under Section 1452(a), courts consider several factors, including the extent to which state law issues predominate over bankruptcy issues, whether the applicable law involves difficult or unsettled issues, the degree of relatedness of the state proceeding to the bankruptcy case, whether any basis for jurisdiction other than Section 1334 exists, comity and respect for state law decision-making capabilities, the likelihood that either party is engaging in forum shopping, the existence of a right to a jury trial, the burden on the bankruptcy court's docket, the feasibility of allowing judgments to be entered in state court while

leaving enforcement to the bankruptcy court, the impact of remand on the administration of the debtor's bankruptcy case, and the possibility of prejudice to the parties in the action. *See In re Cedar Funding, Inc.*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009) (citing *In re Enron Corp.*, 296 B.R. 505, 508 n.2 (Bankr. C.D. Cal. 2003)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (Bankr. C.D. Cal. 2010) (citation omitted).

The relevant factors weigh strongly in favor of granting equitable remand here. This is a state law action at its core. It is part of a coordinated proceeding of similar personal injury and wrongful death lawsuits in Los Angeles County Superior Court. Plaintiffs assert claims for negligence and strict products liability for injuries arising out of Mrs. Cabibi's alleged exposure to asbestos from Johnson & Johnson's talc products. Those claims have not only been pending in state court for nearly two years—they have been substantially litigated. The parties have twice prepared for trial. Johnson & Johnson deposed Plaintiffs' expert and engaged in significant pretrial motion practice preceding the trial that was scheduled for May 6, 2019. Other than Johnson & Johnson's theory of "related to" jurisdiction under Section 1334(b), there is no basis for removal or federal jurisdiction. And Johnson & Johnson's basis for "related to" jurisdiction appears tenuous. Imerys is not a party to Plaintiffs' action. Accordingly, Imerys's connection rests solely on its contractual indemnification and insurance-sharing agreements with Johnson & Johnson. On these facts, comity favors remand. *See In re Enron Corp.*, 296 B.R. at 509 ("Comity dictates that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions.").

//

Plaintiffs' right to a jury trial would be substantially prejudiced if this action is not remanded. Although Imerys filed for bankruptcy on February 13, 2019, Johnson & Johnson waited until the eve of trial to remove the action to this Court. In its motion to fix venue filed in the Delaware District Court, Johnson & Johnson represented that it was not seeking to remove cases where "trial is ongoing or scheduled to begin." (*See* Dkt. 1-4 Ex. C at 7 n.4.) Contrary to that representation, Johnson & Johnson removed this action four days before the parties' pretrial conference. The parties at that point had conducted discovery, prepared expert disclosures, and filed trial documents in accordance with California state law and procedure. By all counts, they were ready to go to trial. If this action is transferred to Delaware, all of this effort will have to be duplicated. Trial will be delayed by months or even years. Mrs. Cabibi does not have months or years. Johnson & Johnson's removal has risked depriving her of her day in court.

Johnson & Johnson and Imerys, by contrast, are not likely to suffer serious prejudice if this action is remanded. Adjudication of Plaintiffs' California state law claims against Johnson & Johnson in California state court will not significantly hamper the administration of Imerys's bankruptcy estates. Plaintiffs assert no claims against Imerys and Imerys asserts no claims against Plaintiffs. If Johnson & Johnson is entitled to contribution or indemnity from Imerys, it can assert a claim against Imerys's estates in the Delaware Bankruptcy Court. Since Imerys is not a party to this action, it will not be precluded from raising any defenses it may have against Johnson & Johnson.[2]

---

[2] Johnson & Johnson alternatively argues that this Court should abstain from ruling on Plaintiffs' application for remand so the Delaware District Court may first rule on the motion to fix venue. Johnson & Johnson relies on 28 U.S.C. § 157(b)(5), which states that "personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." This provision governs venue, not jurisdiction. *See Stern v. Marshall*, 564 U.S. 462, 478–79 (2011). The issue before the Court is whether removal jurisdiction is proper. Johnson & Johnson offers no authority for the proposition that the Court cannot rule on Plaintiffs' application for remand before the Delaware District Court rules on the motion to fix venue.

Johnson & Johnson argues that the Court should decline to remand this action to allow the "orderly transfer" of the thousands of state actions against it to the Delaware District Court. According to Johnson & Johnson, transfer will provide Plaintiffs "the best chance for an efficient adjudication." (Dkt. 20 [Opposition] at 24.) The Court disagrees. Johnson & Johnson deprived Plaintiffs of their best chance for an efficient adjudication when it removed this action weeks before the parties' scheduled trial. Equitable considerations compel the Court to return Plaintiffs' case to state court.[3]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' *ex parte* application for remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court.

DATED: May 3, 2019

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs offer several other arguments in support of their application for remand. For instance, they argue that Johnson & Johnson's removal was untimely and that Plaintiffs' claims are subject to mandatory abstention. Because the Court finds that equitable remand is proper pursuant to 28 U.S.C. § 1452(b), it need not address Plaintiffs' remaining grounds for removal.